**The below described is SIGNED.**




**Dated: July 17, 2014**
_____
R. KIMBALL MOSIER
U.S. Bankruptcy Judge

---

*Prepared by:*

George B. Hofmann (10005)
Matthew M. Boley (8536)
**PARSONS KINGHORN HARRIS**
A Professional Corporation
111 East Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone:   801-363-4300
E-mail:      gbh@pkhlawyers.com
             mmb@pkhlawyers.com

*Attorneys for* debtor-in-possession
LRM LIQUIDATION, INC.
f/k/a Lehi Roller Mills Co., Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re:<br>**LRM LIQUIDATION, INC.**<br>**f/k/a Lehi Roller Mills Co., Inc.**,<br>Debtor. | Bankruptcy No. 12-35291<br>Chapter 11<br>Honorable R. Kimball Mosier |
|---|---|

**FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION
OF DEBTOR'S CHAPTER 11 PLAN**

This matter came before the Court on July 17, 2014 at 10:00 a.m. (the "**Confirmation Hearing**") to consider confirmation of the plan under chapter 11 of the Bankruptcy Code dated March 26, 2014 [Docket No. 295] (the "**Plan**") filed by LRM Liquidation, Inc. f/k/a Lehi Roller Mills Co., Inc., debtor-in-possession ("**Debtor**"). Matthew M. Boley appeared on behalf of the Debtor.  Peter J. Kuhn appeared on behalf of the United States Trustee.  Other counsel and parties-in-interest noted their appearances on the record.

Based upon the evidence received at the Confirmation Hearing, the *Declaration of Mark D. Hashimoto in Support of Confirmation of the Debtor's Chapter 11 Plan dated*

{00194712.DOCX /}

*March 26, 2014* [Docket No. 334], other papers filed concerning the Plan [*e.g.*, Docket Nos. 316, 318, 320, 326, 329 and 332], the statements of counsel and other matters of record, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court hereby

**FINDS AND CONCLUDES**[1] as follows:

A. Exclusive Jurisdiction; Venue; Core Proceeding. This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B. Judicial Notice. This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries on the docket indicating the evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Bankruptcy Case and/or in adversary proceedings conducted before the Court relating to the Case.

C. Transmittal and Mailing of Materials; Notice. All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Interests in accordance with the Bankruptcy Rules. The Disclosure Statement, Plan, meaningful notice, and relevant ballots were transmitted and served in substantial compliance with

---

1   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. Pro. 7052.

2   Capitalized terms used but not otherwise defined herein shall have the meanings provided in the Plan.

{00194712.DOCX /}

the Bankruptcy Rules upon Creditors and others entitled to vote on the Plan, and such transmittal and service were, and are, adequate and sufficient. No other or further notice of the Plan or Confirmation Hearing is or shall be required.

D.  Solicitation. The solicitation of votes for acceptance or rejection of the Plan complied with §§ 1125 and 1126,[3] Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws and regulations. Based on the record before the Court in the Bankruptcy Case, the Debtor has acted in "good faith" within the meaning of § 1125, and is entitled to the protections afforded by § 1125(e).

E.  Distribution. All procedures used to distribute the solicitation materials to the applicable holders of Claims and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

F.  Creditors' Acceptance of Plan. The Plan establishes twelve Classes of Claims. Except only two, all impaired Classes have accepted the Plan. Class 2 voted to accept the Plan by 96% in number and by 99% in amount of votes cast. Class 4 Equity Interests are cancelled under the Plan. As such, Class 4 is deemed to have rejected the Plan. Class 9 voted to reject the Plan. No qualifying ballots were returned with respect to Classes 1, 3, 5, 6, 7, 8, 10, 11 and 12, and no creditors in those Classes objected to confirmation of the Plan. Thus, all such non-voting and non-objecting Classes are deemed to have accepted the Plan.[4]

G.  Plan Complies with Bankruptcy Code. The Plan, as supplemented and modified by the Confirmation Order (as modified and supplemented, the "**Confirmed**

---

3   Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

4   See, e.g., In re Ruti-Sweetwater, Inc., 836 F.2d 1263, 1267-68 (10th Cir. 1988); In re John Kuhni Sons, Inc., 10-29038 RKM, 2011 WL 1343206 at *4 (Bankr. D. Utah Mar. 30, 2011); In re Jones, 530, F.3d 1284, 1291 (10th Cir. 2008); In re Armstrong, 292 B.R. 678, 684 (10th Cir. B.A.P. 2003).

{00194712.DOCX /}

**Plan**"), complies with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(1).

      i.    <u>Proper Classification</u>.  The Claims placed in each Class are substantially similar to other Claims in each such Class.  The Confirmed Plan properly classifies Claims.  In addition to Administrative Expense Claims and Priority Tax Claims, which are not classified under the Confirmed Plan, the Plan designates various separate Classes of Claims based on differences in their legal nature or priority.  Further, valid business, factual and legal reasons exist for separately classifying the various Classes of Claims under the Plan.  Finally, the Classes do not unfairly discriminate between holders of Claims.  Thus, the Confirmed Plan satisfies §§ 1122 and 1123(a)(1).

      ii.    <u>Specify Unimpaired Classes</u>.  There are no unimpaired Classes under the Confirmed Plan.  All Classes of Claims and Interests are impaired, and are specified as such in the Plan. Thus § 1123(a)(2) is satisfied.

      iii.    <u>Specify Treatment of Impaired Classes</u>.  Classes 1 through 12 are designated as impaired under the Confirmed Plan.  Article 4 of the Confirmed Plan specifies the treatment of the impaired Classes of Claims and Interests, thereby satisfying § 1123(a)(3).

      iv.    <u>No Discrimination</u>.  The Confirmed Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to less favorable treatment with respect to such Claim or Interest, thereby satisfying § 1123(a)(4).

      v.    <u>Implementation of Plan</u>.  The Confirmed Plan provides adequate and proper means for implementation of the Confirmed Plan, thereby satisfying § 1123(a)(5).  Among other things, Articles 5 and 6 of the Confirmed Plan provide for (a) the vesting of the property of the Debtor and its chapter 11 bankruptcy

Estate in the Reorganized Debtor, (b) the management of the Reorganized Debtor, (c) the orderly liquidation of the properties and assets of the Debtor, and (d) distributions to Creditors.

    vi.    <u>Corporate Charter Provision Inapplicable</u>.  Class 4 Equity Interests are cancelled under the Plan.  As such, the requirements of § 1123(a)(6) are satisfied and/or inapplicable.

    vii.    <u>Selection of Post-Confirmation Manager</u>.  The Disclosure Statement and the Confirmed Plan designate and disclose Mark D. Hashimoto as the Plan Trustee of the Reorganized Debtor.  Further, provisions in the Confirmed Plan regarding the manner of selection of the Reorganized Debtor's manager are consistent with the interests of Creditors and with public policy.  Thus, § 1123(a)(7) is satisfied.

    viii.    <u>Additional Plan Provisions</u>.  The Confirmed Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions respecting (a) the assumption of executory contracts and unexpired leases, and (b) the retention and future enforcement by the Debtor of claims under chapter 5 of the Bankruptcy Code and otherwise, and (c) modification of the rights of holders of secured claims, thus satisfying the requirements of § 1123(b).

    ix.    <u>Bankruptcy Rule 3016(a)</u>.  The Confirmed Plan is dated and identifies the Debtor as the proponent, thereby satisfying Bankruptcy Rule 3016(a).

H.    <u>The Confirmed Plan and the Proponent Comply with the Bankruptcy Code</u>.  The Confirmed Plan complies with the applicable provisions of the Bankruptcy Code.  Likewise, the Debtor has complied with the applicable provisions of the Bankruptcy Code.  Thus, §§ 1129(a)(1) and (a)(2) are satisfied.

  i. The Debtor is a proper proponent of the Confirmed Plan under § 1121(c).

  ii. The Plan complies, and Debtor has complied, generally with applicable provisions of the Bankruptcy Code.

  iii. The Debtor has complied with the applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the Disclosure Statement, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

 I. <u>Good Faith</u>.  The Debtor filed the Bankruptcy Case in good faith and for a valid reorganizational purpose.  Additionally, the Confirmed Plan is proposed in good faith and not by any means forbidden by law, and therefore complies with the requirements of § 1129(a)(3).  In determining that the Debtor filed the Bankruptcy Case in good faith and that the Confirmed Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Case and the formulation of the Confirmed Plan.  Among other things, the Court finds:

  i. the Debtor filed this Bankruptcy Case, and has proposed the Confirmed Plan, for a valid reorganizational purpose;

  ii. neither this Bankruptcy Case nor the Confirmed Plan was filed as a litigation tactic or for delay;

  iii. the Debtor has been, and is, actively prosecuting this Bankruptcy Case;

  iv. the Debtor proposed the Confirmed Plan with the legitimate and honest purpose of, among other things, providing a meaningful return to creditors;

  v. the Confirmed Plan is the fruit of extensive arms-length negotiations, input from and discussions with creditors and parties-in-interest;

      vi.     the Plan contemplates distributions to the holders of allowed claims from the orderly liquidation of the Debtor's properties and assets;

      vii.     the Debtor has substantial assets to fund repayment of creditor claims under the Confirmed Plan;

      viii.     the Debtor has multiple assets of substantial value which can be sold to fund payments under the Confirmed Plan;

      ix.     at the time the Bankruptcy Case was filed, the Debtor had meaningful "cash flow" that reasonably was anticipated to be available to fund, at least in part, payments to creditors and other distributions under the Confirmed Plan;

      x.     at the time the Bankruptcy Case was filed, there were available sources of income and revenue potentially to sustain a reorganization;

      xi.     this is not a case involving a single creditor;

      xii.     rather, there are multiple creditors;

      xiii.     the Debtor filed the Bankruptcy Case having a reasonable possibility of reorganization; and

      xiv.     the Confirmed Plan is feasible, practicable and there is a reasonable likelihood that the Confirmed will achieve its intended results, which are consistent with the purposes of the Bankruptcy Code.

J.     <u>Payments for Services or Costs and Expenses</u>.  Any payment made or to be made under the Confirmed Plan for services or for costs and expenses in or in connection with the Bankruptcy Case prior to the Effective Date, including all fees and expenses incurred by Professionals, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying § 1129(a)(4).

K.     <u>Manager of the Reorganized Debtor</u>.  The Confirmed Plan and the Disclosure Statement identify Mark D. Hashimoto as the Plan Trustee.  The service of

Mr. Hashimoto as Plan Trustee is consistent with the interests of the holders of Claims and with public policy. Therefore, the requirements of § 1129(a)(5) are satisfied.

L.  No Rate Changes. The Confirmed Plan satisfies § 1129(a)(6) because the Confirmed Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

M.  Best Interests of Creditors Test. The Confirmed Plan satisfies § 1129(a)(7) with respect to all Classes of Claims, because all Classes have accepted the Plan as modified in the Confirmation Order, which modifications have resulted in the Confirmed Plan. In addition, the holders of all Classes of Claims will receive or retain under the Confirmed Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the property of the Estate was liquidated under chapter 7 of the Bankruptcy Code on such date.

N.  Acceptance by Certain Classes. Except only Classes 4 and 9, all Classes of Claims have accepted the Confirmed Plan, thereby satisfying § 1129(a)(8). Class 2 (General Unsecured Claims) voted with over a 96% majority in both number and amount to accept the Plan. Class 4 Equity Interests are cancelled under the Plan. As such, Class 4 is deemed to have rejected the Plan. Class 9 voted to reject the Plan. Classes 1, 3, 5, 6, 7, 8, 10, 11 and 12 neither returned any ballots nor objected to confirmation. Accordingly, all such non-voting and non-objecting Classes are deemed to have accepted the Plan. See In re Ruti-Sweetwater, Inc., 836 F.2d 1263, 1267-68 (10th Cir. 1988) (holding that non-voting secured creditor who did not timely object to confirmation was deemed to accept the Plan).

O.  Treatment of Administrative Expense Claims and Priority Tax Claims. The Confirmed Plan satisfies the requirements of § 1129(a)(9). Except to the extent the holder of a particular Claim agrees to a different treatment, the Plan specifies that

Administrative Expense Claims (including professional compensation) and Priority Tax Claims shall be paid as mandated by § 1129(a)(9).

  P. <u>Acceptance by at Least One Impaired Class</u>.  Except only Classes 4 and 9, all Classes have accepted the Confirmed Plan, and the acceptance of at least one of such accepting impaired Classes has been determined without including the votes of any insiders, thus satisfying § 1129(a)(10).

  Q. <u>Feasibility</u>.  The Confirmed Plan is feasible and complies with § 1129(a)(11) because confirmation is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtor, excepting the liquidation contemplated under the Confirmed Plan.  The Confirmed Plan offers a reasonable prospect of success and is workable.  The Confirmed Plan specifically contemplates the orderly liquidation of the Debtor's properties and assets to fund payments and distributions under the Confirmed Plan.  Further, there is a reasonable prospect that the Debtor's assets will be sufficient to fund the payments required under the Confirmed Plan, and that the Debtor will be able to satisfy its obligations under the Confirmed Plan.  In summary, the evidence shows that the Confirmed Plan offers a reasonable prospect of success, and is workable.  As such, the requirements of section 1129(a)(11) are satisfied.

  R. <u>Payment of Fees</u>.  All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to Section 2.2.3 of the Confirmed Plan, thereby satisfying § 1129(a)(12).

  S. <u>Continuation of Retiree Benefits</u>.  The Confirmed Plan complies with § 1129(a)(13) because the Debtor is not obligated to pay any retiree benefits subject to § 1114.

  T. <u>No Domestic Support Obligations</u>.  The Debtor does not have any domestic support obligations.  Therefore, § 1129(a)(14) is not applicable.

U. <u>Projected Disposable Income</u>. The Debtor is not an individual. Therefore § 1129(a)(15) is not applicable.

V. <u>Transfers Will Comply with Nonbankruptcy Law</u>. The Plan complies with § 1129(a)(16) because any transfers of assets to be made under the Confirmed Plan will be made in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

W. <u>Fair and Equitable; No Unfair Discrimination</u>. Except only Classes 4 and 9, all Classes of Claims have accepted (or are deemed to have accepted) the Confirmed Plan. As such, compliance with § 1129(b) is not required as to such accepting Classes.

    i. <u>Class 4</u>. The Confirmed Plan is "fair and equitable" with respect to Class 4, as such term is used in § 1129(b)(1) and 1129(b)(2)(C). Specifically, as permitted under § 1129(b)(2)(C)(ii), no holder of an interest junior to the interests of Class 4 will receive or retain under the plan any property on account of such junior interest.

    ii. <u>Class 9</u>. The Confirmed Plan is "fair and equitable" with respect to Class 9, as such term is used in § 1129(b)(1) and 1129(b)(2)(A).

        a. Specifically, sections 4.9.2.1 and 4.9.2.2 of the Plan provide that the Collateral of CFSI will be sold by the Debtor and that CFSI's secured claim will be paid from the proceeds of the sale. Section 4.9.2.3 of the Plan provides CFSI the right to obtain relief from the plan injunction if, at any time, it believes it is undersecured. Additionally, section 4.9.2.4 of the Plan provides the Debtor the option to abandon CFSI's collateral in full settlement and satisfaction of its claim. Finally, pursuant to section 4.9.3 of the Plan, CFSI retains its lien upon its Collateral unless and until

the Collateral is sold by the Debtor.  As such, the Plan provides for the sale of CFSI's collateral consistent with § 1129(b)(2)(A)(ii).  The provision permitting the Debtor to abandon CFSI's Collateral satisfies the alternative permitted under § 1129(b)(2)(A)(iii).

   b.  In any event, based upon the evidence presented at the hearing on confirmation, it appears (1) that CFSI was paid all post-petition payments due under the Debtor's contract/lease with CFSI through November 2013, and (2) the Debtor surrendered to CFSI the equipment that constitutes its Collateral in or about December 2013.  In short, CFSI already has recovered possession of its Collateral and, as such, no longer holds a secured claim against the Debtor.

  X. <u>No Other Plan.</u>  No other chapter 11 plan is pending before the Court in this Bankruptcy Case.  Accordingly, § 1129(c) does not apply.

  Y. <u>Principal Purpose of Plan</u>.  The principal purpose of the Confirmed Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).  Therefore, the Confirmed Plan satisfies the requirements of § 1129(d).

  Z. <u>Small Business Case</u>.  This is not a small business case.  As such, § 1129(e) is not applicable.

  AA. <u>Solicitation</u>.  As evidenced by the docket in this Case, the Plan, the Disclosure Statement, meaningful notice, and appropriate ballots were transmitted and served on all parties entitled to copies thereof (including all persons entitled to vote on the Plan) in substantial compliance with the Bankruptcy Code, Bankruptcy Rules and relevant orders of the Court.  It appears that all procedures used to distribute solicitation materials for the Plan and to tabulate the ballots were fair and conducted in accordance

with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Court, and all other rules, laws, and regulations.

BB. The Court announced other findings of fact and conclusions of law on the record at the Confirmation Hearing, which findings and conclusions are incorporated herein by reference.

CC. In summary, the Confirmed Plan complies with, and the Debtor has satisfied, all applicable confirmation requirements, and the Confirmed Plan will be confirmed by entry of the separate Confirmation Order.

--------------------------------------- END OF DOCUMENT ---------------------------------------

{00194712.DOCX /}

## **DESIGNATION OF PARTIES TO BE SERVED**

Service of the foregoing **FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN** shall be served to the parties and in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case as identified below, are registered CM/ECF users, and will be served notice of entry of the foregoing Order through the CM/ECF System:

- Matthew M. Boley    mmb@pkhlawyers.com, jh@pkhlawyers.com
- Sterling A. Brennan    sbrennan@mabr.com, cnickol@mabr.com
- Victor P Copeland    vpc@pkhlawyers.com, kw@pkhlawyers.com
- Joseph M.R. Covey    calendar@parrbrown.com
- D. Scott Crook    scott@arnoldcrook.com, carrie@arnoldcrook.com
- Blakely Denny    bdenny@swlaw.com, mposada@swlaw.com
- Kenyon D. Dove    kdove@smithknowles.com, dcouch@smithknowles.com
- Anna W. Drake    annadrake@att.net
- George B. Hofmann    gbh@pkhlawyers.com, dh@pkhlawyers.com; jt@pkhlawyers.com
- Michael R. Johnson    mjohnson@rqn.com, dburton@rqn.com;docket@rqn.com
- Penrod W. Keith    pkeith@djplaw.com, khughes@djplaw.com
- Peter J. Kuhn tr    Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- William E. Moench    William.Moench@eeoc.gov, mary.oneill@eeoc.gov
- Duane W. Moss    duane@mosslawyer.com, jared@mosslawyer.com
- Dianne Orcutt    dianneo@utahcounty.gov
- Daniel D. Price    daniel.price2@usdoj.gov, emily.goodman@usdoj.gov
- Mark F. Robinson    mfr@rsalawyers.com
- Lauren Scholnick    lauren@utahjobjustice.com
- Jeffrey Weston Shields    jshields@joneswaldo.com, jpollard@swlaw.com; docket_slc@swlaw.com
- Gretta C. Spendlove    gspendlove@djplaw.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- Brock N. Worthen    bworthen@swlaw.com, snielsen@swlaw.com

**By U.S. Mail**: In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

| | |
|---|---|
| LRM Liquidation Inc.<br>P.O. Box 217<br>Lehi, UT 84043-0217 | Mark Hashimoto<br>Piercy Bowler Taylor & Kern<br>7050 South Union Park Avenue, Suite 140<br>Midvale, UT 84047 |

          /s/ Matthew M. Boley

{00194712.DOCX /}